# EXHIBIT A (Part 1 of 2)

# FILED

San Francisco County Superior Court

APR 0 9 2007

GORDON PARK-LI, Clerk
BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

1  CHRISTOPHER CARREA
2  P77287  F2-10-317
3  P.O. BOX 799002
4  SAN DIEGO, CALIFORNIA
5      92179-9002

6

7  PRO PER

8        THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,
9           FOR THE COUNTY OF SAN FRANCISCO
10

11  CHRISTOPHER CARREA JR.,          CASE NO.: CGC-07-462143
12       PLAINTIFF,
13                                    COMPLAINT FOR DAMAGES
14
15  VS.                              NEGLIGENCE, BREACH
16  STATE OF CALIFORNIA, STATE       OF DUTY, BREACH OF
17  OF CALIFORNIA GOVERNOR           CONTRACT, 42 USCA 1981,
18  ARNOLD SCHWARZENEGGER,           42 USCA 1983, 42 USCA 1985,
19  STATE OF CALIFORNIA DEPARTMENT   42 USCA 1986, CIVIL RIGHTS
20  OF CORRECTION, STATE OF          VIOLATION, VIOLATION OF
21  CALIFORNIA DEPARTMENT OF         CONSTITUTIONAL RIGHTS
22  CORRECTION DIRECTOR,
23  WARDEN POULOS,
24           DEFENDANTS.
25                                    I
26                            JURISDICTION
27        ALL DEFENDANTS, BUT WARDEN POULOS HAS
28  OFFICES IN THIS JURISDICTION OF SAN FRANCISCO CALIFORNIA,

PAGE ONE

*CASE MANAGEMENT CONFERENCE SET*

*SEP 0 7 2007*

*DEPARTMENT 212*

*SEP 0 7 2007  9:00 AM*

## II

42 USCA 1981 (A) STATES: ALL PERSONS WITHIN THE JURISDICTION OF THE UNITED STATES SHALL HAVE THE SAME RIGHT IN EVERY STATE AND TERRITORY TO MAKE AND ENFORCE CONTRACTS, TO SUE, BE PARTIES GIVE EVIDENCE, AND TO THE FULL AND EQUAL BENEFITS OF ALL LAWS AND PROCEEDINGS FOR THE SECURITY OF PERSONS AND PROPERTY AS IS ENJOYED BY WHITE CITIZENS, AND SHALL BE SUBJECT TO LIKE PUNISHMENTS, PAINS, PENALTIES, TAXES, LICENCES, AND EXACTIONS OF EVERY KIND, AND TO NO OTHER.

THIS UNITED STATES ANNOTATED CODE ALSO STATES THERE CAN BE NO IMPAIRMENT OF THIS RIGHT.

## III

THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION, STATES THERE CAN BE NO CRUEL AND UNUSUAL PUNISHMENT. THE DEFENDANTS, ALL COMMITTED VERY CRUEL AND VERY UNUSUAL PUNISHMENT OF THE PLAINTIFF, CHRISTOPHER CARREA JR.. THE DEFENDANTS, VIOLATED, 42 USCA 1981, 42 USCA 1983, 42 USCA 1985, 42 USCA 1986, THE 5TH, 6TH, 8TH, 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, NEGLIGENCE, BREACH OF DUTY AND BREACH OF CONTRACT. THE DEFENDANTS, SUBJECTED THE PLAINTIFF, CARREA CHRISTOPHER JR TO CONSTITUTIONAL TORTS, THEY HAVE NOT SUBJECTED WHITE TO.

THE DEFENDANTS : STATE OF CALIFORNIA, (HEREINAFTER KNOWN AS SC) COMMITTED CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF AS FOLLOW:

THE STATE OF CALIFORNIA HAS ADOPTED CUSTOM AND POLICY THAT ALLOW THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTION TO VIOLATE 42 USCA 1981, 42 USCA 1983,

1  42 USCA 1985. 42 USCA 1986, THE 5TH, 6TH, 8TH, 14TH AMENDMENT
2  OF THE UNITED STATES CONSTITUTION. THROUGH NEGLIGENCE,
3  BREACH OF DUTY AND BREACH OF CONTRACT. THE DEFENDANTS,
4  SC, HAS ALLOWED THE DEPARTMENT OF CORRECTION OF CALIFORNIA
5  TO BE AN ISLAND BY ITSELF AWAY FROM CORRECTION. THE
6  DEFENDANTS, OF THIS COMPLAINT ARE DOING AND CONTINUE TO DO
7  AS THE SOVIET UNION IN 1980, UNDER MIKHAIL GORBACHEV. HE
8  WAS FULLY AWARE THAT COMMUNISM WAS NOT WORKING AS THE
9  DEFENDANT ARE AWARE THAT THE STATE OF CALIFORNIA
10  DEPARTMENT OF CORRECTION PRESENT AND PAST METHODS ARE
11  NOT WORKING. MIKHAIL GROBACHEV, REMEDY WAS WHAT
12  IS KNOWN AS AND CALLED, "PERE STROLKA". WHICH MEANS
13  RECONSTRUCTION INSTEAD OF BACK AWAY FROM COMMUNISM
14  INTO CAPITALISM. IT FAILED BECAUSE NO MATTER HOW YOU
15  YOU RESTRUCTER COMMUNISM IT'S FOUNDATION IS STILL
16  COMMUNISM. THE DEFENDANTS OF THIS CASE CONTINUE TO
17  "PERE STROIKA" THE VIOLATION OF CIVIL RIGHTS & NO
18  MATTER HOW THEY RESTRUCTER THERE CONSTITUTIONAL TORTS,
19  THE FOUNDATION OF THERE CONSTITUTIONAL TORTS IS STILL A
20  CIVIL RIGHTS VIOLATION. THE DEFENDANTS NEED TO JUST "STOP"
21  VIOLATING CIVIL RIGHTS
22                    THE DEFENDANTS, SC, WHEN THEY WERE RECENTLY
23  NOTIFIED BY FEDERAL COURTS THAT THE DEPARTMENT OF CORRECTION
24  OF THE STATE OF CALIFORNIA ADOPTED POLICY AND CUSTOM. HAVE
25  LEAD TO THE DEATH AND HARM OF INMATES, THE DEFENDANTS, SC,
26  RESPONDED BY SAYING, "WE WILL BUILD MORE PRISON", NOT WE WILL
27  EDUCATE AND MONITOR THE DEPARTMENT OF CORRECTION MORE
28  AND BETTER STAFF THEM. THERE ONLY SOLUTION IS TO MAKE "MORE

1  PRISON. YES MORE PRISION SHOULD BE BUILT, BUT WITHOUT MONITERING
2  THEM AND EDUCATING THE STAFF MORE WITH RED FLAGS, THE
3  DEFENDANTS, SC, WILL JUST HAVE MORE PRISION WITH MORE
4  CONSTITUTIONAL TORTS. THE DEFENDANTS, SC, HAS VIOLATED THE
5  PLAINTIFF, CHRISTOPHER CARREA CONSTITUTIONAL AND CIVIL RIGHTS
6  DUE TO THE DEFENDANTS, SC, FAILURE TO CORRECT THE DEPARTMENT OF
7  CORRECTION OF THE STATE OF CALIFORNIA, OF THE THINGS THAT LEAD TO
8  THE HARM AND ALMOST DEATH OF THE PLAINTIFF, CHRISTOPHER CARREA
9  JR.

10                                    IV

11              THE DEFENDANS, SC, SENT THE PLAINTIFA CHRISTOPHER
12  CARREA JR., TO A FACILITY THAT HAS BEEN CONDENED BY THERE
13  HEALTH DEPARTMENT, GENERAL SERVICE DEPARTMENTS, THE STATE
14  SENT THE PLAINTIFF, CHRISTOPHER CARREA JR. TO A PRISION OUTDATED
15  AND CONDEMN. BUILT AND OPENED 1941, DESIGNED FOR 2,778 INMATES
16  BUT THE STATE FORCED THE PLAINTIFF, CHRISTOPHER CARREA JR. AND
17  7,000 OTHER INMATES INTO A PLACE DESIGNED FOR ONLY 2,778
18  INMATES WHICHED CAUSED CRUEL AND UNUSUAL PUNISHMENT OF THE
19  PLAINTIFF, CHRISTOPHER CARREA JR. IN VIOLATION OF HIS CIVIL RIGHTS
20  BY THE DEFENDANTS, SC. THE DEFENDANTS, SC, KNOWS THAT C.I.M.
21  IS ONE OF THE MOST DANGEROUS FACILITY FOR A BLACK PERSON TO
22  BE IN THE NATION; BUT HAS NOT PLACED ANY SAFEGUARDS. THE
23  DEFENDANTS, SC, PUT THEIR HANDS OVER THEIR EYES AS THE PLAINTIFF,
24  CHRISTOPHER CARREA JR. WAS SUBJECTED TO CRUEL AND UNUSUAL
25  PUNISHMENTS AND CONSTITUTIONAL TORTS AS THEY WATCHED THROUGH
26  A GAP BETWEEN TWO FINGERS. THE DEFENDANTS, SC, HAS ADOPTED
27  THE CUSTOM AND POLICY OF WIDE SPREAD DISCRIMINATION PRACTICES
28  BY THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTION.

1  AND THE VIOLATION OF CIVIL RIGHTS, ALTHOUGH NOT
2  AUTHORIZED ABOVE WHAT MAY BE DETERMINED PUBLIC BY
3  LAW, SUCH PRACTICES BEHIND THE SCENE WITH THE
4  STATE OF CALIFORNIA DEPARTMENT OF CORRECTION IS SO
5  PERMANENT AND WELL SETTLED IT CONSTITUTE A CUSTOM
6  OR USAGE WITH THE FORCE OF LAW. THE DEFENDANT, SC,
7  HAS THE POWER TO INTERVENE, AGAINST CRUEL AND
8  UNUSUAL PUNISHMENT, BUT REFUSES TO, WHICH HAS
9  CAUSED CONSTITUTIONAL TORTS OF THE PLAINTIFF,
10 CHRISTOPHER CARREA JR.

                         V

11
12       THE DEFENDANT, SC, KNEW THE PLAINTIFF,
13 CHRISTOPHER CARREA JR., WAS FORCED INTO BEING ATTACKED
14 FOUR SEPERATE TIMES WITHIN A 10 DAY PERIOD, DUE TO THE
15 STATE OF CALIFORNIA DEPARTMENT OF CORRECTION PLACING, THE
16 PLAINTIFF, CHRISTOPHER CARREA JR., IN AN INSTITUTION THAT
17 BY DESIGN PLACE BLACKS IN POSITION TO BE ASSAULTED FOR
18 OVER 20 YEARS. MOST OF THE OFFICER THAT PLACE
19 INMATES IN DORMS ARE NOT BLACK AND THEY MAKE SURE
20 THAT BLACKS ARE ALWAYS OUTNUMBERED, KNOWING THAT BLACKS
21 WILL BE ATTACKED. IT HAS BEEN THE CUSTOM AND POLICY OF
22 THE DEFENDANTS, SC, TO ALLOW IT.

                        VI

23
24       THE DEFENDANT, SC, KNEW THE PLAINTIFF
25 WAS PLACED IN A DANGEROUS SITUATION BY DESIGN OF THE
26 DEFENDANT, SC, WITH DELIBRATE INDIFFERENCE, AS A RESULT
27 THE PLAINTIFF, CHRISTOPHER CARREA JR. WAS ATTACKED BY
28 AT LEAST FIVE HISPANICS OF THE AVERAGE AGE OF 20

                    PAGE FIVE

1  ALTHOUGH THE PLAINTIFF, CHRISTOPHER CARREA JR. IS WELL
2  OVER 50 AND AT LEAST TWENTY STATE OF CALIFORNIA
3  DEPARTMENT OF CORRECTION OFFICER WITH THE WARDEN,
4  STOOD AND WATCHED, BUT DID NOT STOP THE ATTACK. THE
5  ATTACK CAUSED THE PLAINTIFF, CHRISTOPHER CARREA, TO GO
6  UNCONSCIOUSE, TO HAVE STITCHES, HIS TEETH KNOCKED OUT
7  AND HAD TO BE TRANSFERED TO RIVERSIDE HOSPITAL. THE
8  ATTACK OF THE PLAINTIFF, CHRISTOPHER CARREA JR. BY THE
9  DEFENDANT, SC, WITH BLACKMEN. IS SO COMMON AND
10 PERMANENT THAT THE DEFENDANT, SC, ACCEPTS IT AND HAS
11 ADOPTED IT AS POLICY AND CUSTOM WHICH CAUSED THE
12 CONSTITUTIONAL TORT OF THE PLAINTIFF, CHRISTOPHER
13 CARREA JR.
14                        VII
15        THE DEFENDANTS, SC, KNEW THE DAY THE
16 PLAINTIFF, CHRISTOPHER CARREA JR. WAS RELEASED FROM
17 THE HOSPITAL THAT THE DEFENDANT, SC, CHARGED THE PLAINTIFF
18 CHRISTOPHER CARREA JR. ALTHOUGH THE PLAINTIFF, CHRISTOPHER
19 CARREA JR. WAS ASSAULTED, THE DEFENDANT, SC, CHARGED
20 THE PLAINTIFF, CHRISTOPHER CARREA JR, WITH ASSAULT,
21 FULLY AWARE THAT THE WARDEN, THE ASSISTANT WARDEN
22 AND AT LEAST 20 CORRECTIONAL OFFICERS WERE THERE
23 WHEN THE PLAINTIFF, CHRISTOPHER CARREA JR. WAS
24 ATTACKED AND STATED IN THEIR REPORTS, SIGNED, THAT THE
25 PLAINTIFF, CHRISTOPHER CARREA JR. WAS ATTACKED. THE
26 DEFENDANT, SC, CHARGED THE PLAINTIFF, CHRISTOPHER CARREA
27 JR. TO JUSTIFY THE ATTACK THEY DESIGNED. THE PLAINTIFF,
28 CHRISTOPHER CARREA JR. WAS PLACED IN THE HOLE DISCIPLINED

1  PRIOR TO BEING CONVICTED, DUE TO THE FACT IT IS THE

2  ADOPTED POLICY AND CUSTOM OF THE DEFENDANT, SC, WHICH

3  CAUSED THE CONSTITUTIONAL TORT OF THE PLAINTIFF,

4  CHRISTOPHER CARREA JR. A BLACK MAN, THAT WAS ALSO

5  HELD BEYOND HIS RELEASE DATE. THIS HAS NOT HAPPENED

6  TO A WHITE MAN.

7

8          VIII

          THE DEFENDANT, SC, KNEW THE PLAINTIFF,

9  CHRISTOPHER CARREA JR., A BLACK MAN WAS CONVICTED BY

10  DEFENDANT, SC, WITHOUT BE ALLOWED ANY OF HIS WITNESSES

11  IN HIS BEHALF, ALL OFFICER THAT FILED A REPORT STATED

12  THEY HAD NO EVIDENCE THAT THE PLAINTIFF, CHRISTOPHER CARREA

13  JR. COMMITTED ASSAULT. THE HEARING OFFICER OF THE

14  DEFENDANT, SC. STILL CONVICTED THE PLAINTIFF, CHRISTOPHER

15  CARREA JR. THE RESON GIVEN WAS THAT HE STATED THE

16  PLAINTIFF, CHRISTOPHER CARREA JR. WAS BLACK. THERE IS NO

17  WHITE MAN THAT HAS BEEN CONVICTED BY THE DEFENDANT, SC.

18  BECAUSE HE IS WHITE. THIS IS THE ADOPTED CUSTOM AND POLICY

19  OF THE DEFENDANT, SC.

20          IX

21          THE DEFENDANT, SC, ASSISTANT WARDEN

22  JUAREZ, AFTER REVIEWING THE CONVICTION OF THE

23  PLAINTIFF, CHRISTOPHER CARREA JR. SEEN HOW FAR FETCHED

24  THE CONVICTION WAS AND REVERSED IT AND DISMISSED ALL

25  THE CHARGES AGAINST THE PLAINTIFF, CHRISTOPHER CARREA

26  JR., BUT HE WAS STILL KEPT IN THE HOLE FOR TWO MORE

27  MONTHS, BEYOND HIS RELEASE DATE THERE WAS NO AIR

28  CONDITION, NO VENTILATION, THE TEMPERTURE WAS SO HIGH

          PAGE SEVEN

1 THAT THE CONCRETE WALLS WERE HOT, THE TOILET WAS
2 BROKEN. THERE WAS LEACHES ALL OVER THE FLOOR AND
3 FOR THE ENTIRE STAY IN THE HOLE. THEN ANOTHER ASSISTANT
4 WARDEN SAID ALL CHARGES WERE DISMISSED AGAINST THE
5 PLAINTIFF, BUT THEY STILL KEPT THE PLAINTIFF, CHRISTOPHER
6 CARREA JR. BEYOND HIS RELEASE DATE. THE DAY THE
7 PLAINTIFF, CHRISTOPHER CARREA JR. WAS FINALLY RELEASED
8 THE DEFENDANT, SC, REFUSED TO GIVE THE PLAINTIFF,
9 CHRISTOPHER CARREA JR, THE MONEY HE WAS DUE AND
10 STOLE A HUNDRED DOLLARS FROM THE PLAINTIFF.
11 NO WHITE MAN IN THE HISTORY OF THE DEFENDANTS, SC,
12 HAS BEEN SUBJECTED TO THIS KIND OF PUNISHMENT. THE
13 DEFENDANT, SC, PRIOR TO THIS IN WHAT THEY DEEMED
14 AN "ERROR" SENT THE PLAINTIFF, CHRISTOPHER CARREA JR,
15 TO PRISION FOR FOUR HOURS. THEN ABOUT TWO MONTHS
16 LATER SENT THE PLAINTIFF, CHRISTOPHER CARREA JR.
17 AGAIN TO PRISION IN WHAT THEY DEEMED AN "ERROR"
18 AGAIN FOR ONE DAY. THE DEFENDANTS, SC, HAS AN
19 HISTORY OF CRUEL AND VERY UNUSUAL PUNISHMENT OF
20 THE PLAINTIFF, CHRISTOPHER CARREA JR.

PAGE EIGHT

1  SECTION I-X OF THIS COMPLAINT, ARE BREACH OF DUTY AND

2  NEGLIGENCE. THERE WAS AN OBLIGATORY DUTY FOR SPECIFIC ACTION BY

3  THE DEFENDANT, SC, TO TAKE SPECIFIC ACTION TO PREVENT HARM,

4  DANGER, ATTEMPT MURDER AND DISCRIMINATION OF THE PLAINTIFF,

5  CHRISTOPHER CARREA JR.. THE VIOLATION OF THESE STATUTE DOES

6  CONSTITUTE PRESUMPTIVE FAILURE TO EXERCISE, DUE CARE IS

7  NEGLIGENCE AND BREACH OF DUTY BY DEFENDANT, SC. THE BLACK

8  LAW DICTIONARY DEFINES NEGLIGENCE AS FOLLOW:

9            THE FAILURE TO EXERCISE THE STANDARD OF CARE

10           THAT A REASONABLY PRUDENT PERSON WOULD HAVE

11           EXERCISED IN A SIMILIAR SITUATION

12  A PRUDENT PERSON IN A SIMILIAR SITUATION AS THE DEFENDANTS, SC,

13  WOULD NOT HAVE COMMITTED OR ALLOWED THE ACTS DESCRIBED IN

14  SECTION I-X. THE DEFENDANTS, SC, HAS CREATED THE ENVIROMENT

15  THAT MAKES THE DEFENDANTS COMFORTABLE TO COMMIT CONSTITUTIONAL

16  TORTS. THE BLACK LAW DICTIONARY DEFINES BREACH OF DUTY AS FOLLOW:

17           THE VIOLATION OF A LEGAL OR MORAL OBLIGATION;

18           THE FAILURE TO ACT AS THE LAW OBLIGATES ONE TO ACT

19  THE LAW OBLIGATED THE DEFENDANT, SC, BUT THE DEFENDANT, SC, FELT

20  NO MORAL OBLIGATION NOT TO VIOLATE A SIGNED AGREEMENT WITH THE

21  PLAINTIFF, CHRISTOPHER CARREA JR, TO ONLY DO SIX MONTH WITH

22  HALF TIME AND BE RELEASED. THE DEFENDANT, SC, FEELS NO

23  MORAL OBLIGATION TO PREVENT THE VIOLATION OF 42 USCA 1981,

24  42 USCA 1983, 42 USCA 1985, 42 USCA 1986, THE 5TH, 6TH, 8TH,

25  14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, BUT

26  CHOSES TO ALLOW AND COMMIT THE VIOLATION OF THESE

27  PROTECTED STATUTES IN BREACH OF DUTY AND NEGLIGENCE.

28            PAGE NINE

## X

2 THE GOVERNOR OF CALIFORNIA, ARNOLD
3 SCHWARZENEGGER, (HEREINAFTER KNOWN AS GCAS) IN
4 BOTH HIS OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY VIOLATED
5 42 USCA 1981, 42 USCA 1983, THE 5TH, 6TH, 8TH AND 14TH
6 AMENDMENT OF THE UNITED STATES CONSTITUTION, THROUGH
7 NEGLIGENCE AND BREACH OF DUTY, AS FOLLOW:
8              THE DEFENDANT, GCAS, HAS ADOPTED THE POLICY
9 AND CUSTOM TO ALLOW THE DEPARTMENT OF CORRECTION TO DO WHAT
10 EVER THEY WANT, EVEN WHEN IT IS WRONG. THE DEFENDANT,
11 GCAS, IN BOTH HIS OFFICIAL CAPACITY AND HIS INDIVIDUAL
12 CAPACITY VIOLATED THE PLAINTIFF, CHRISTOPHER CARREA JR,
13 CONSTITUTIONAL AND CIVIL RIGHTS BY HAVING THE PLAINTIFF,
14 CHRISTOPHER CARREA JR., SENT TO A PRISION OUTDATED AND
15 CONDEMN, BUILT AND OPENED 1941, DESIGNED FOR 2,778
16 INMATES. BUT THE STATE OF CALIFORNIA AND DEFENDANT, GCAS,
17 SENT THE PLAINTIFF, CHRISTOPHER CARREA JR., AND 7000
18 OTHER INMATES TO A PLACE DESIGNED FOR ONLY 2,778 WHICH
19 CAUSED THE CRUEL AND UNUSUAL PUNISHMENT OF THE
20 PLAINTIFF, CHRISTOPHER CARREA JR. IN VIOLATION OF HIS CIVIL
21 RIGHTS BY THE DEFENDANT, GCAS, IN HIS OFFICIAL CAPACITY AND
22 HIS INDIVIDUAL CAPACITY MORALLY SHOULD HAVE STOPED IT. IN
23 FACT THE DEFENDANT, GCAS, WAS SCOLDED BY SENIOR JUSTICE,
24 THELTON E. HENDERSON, OF THE UNITED STATES DISTRICT COURT
25 NORTHERN DISTRICT OF CALIFORNIA. FOR TELLING THE CALIFORNIA
26 DEPARTMENT OF CORRECTION, TO DO WHAT EVER THEY WANT TO
27 IN FACE OF THE FACT THAT THEIR CUSTOM AND POLICY HAVE HAD
28 INMATES MURDERED AND SERIOUSLY WOUNDED. THE RESPONSE

PAGE TEN

1  OF THE DEFENDANT, GCAS, WHEN JUDGE LAWRENCE KARLTON
2  OF THE EASTERN DISTRICT OF CALIFORNIA, UNITED STATES DISTRICT
3  COURT TOLD THE DEFENDANT, GCAS, THE STATE OF CALIFORNIA
4  DEPARTMENT OF CORRECTION. CUSTOM AND POLICY ARE MURDERING
5  AND HARMING INMATES, THE DEFENDANT, GCAS, SAID HE WAS
6  GOING TO BUILD MORE PRISION, ABOUT 11,1 BILLION DOLLARS WORTH
7  THE DEFENDANT, GCAS, HOWEVER FAILED TO SAY WHERE THE
8  OPERATION COST WILL COME FROM. HE FAILED TO AGAIN PROVIDE
9  FOR THE COST OF PROPER CORRECTIONAL OFFICER TO INMATE
10  RATIO TO PREVENT CRUEL AND UNUSUAL PUNISHMENT. THE DEFENDANT,
11  GCAS, ONLY WANTS TO MAKE THE PROBLEM BIGGER.

12                          XI

13              THE DEFENDANT, GCAS, NEVER ADDRESSES CRUEL
14  AND UNUSUAL PUNISHMENT OF INMATES. HIS ANSWER IS ALWAYS "I
15  AM GOING TO BUILD MORE PRISION WHICH HAS CAUSED THE
16  CONSTITUTIONAL TORTS TO THE PLAINTIFF, CHRISTOPHER CARREA JR,
17  THE DEFENDANT, GCAS, HAS THE POWER TO INTERVENE AND
18  STOP CONSTITUTIONAL TORTS. BUT NEVER DOES. IN FACT THE
19  DEFENDANT, GCAS, ENCOURAGES CONSTITUTIONAL TORTS,
20  BECAUSE HE NEVER DOES ANYTHING TO STOP IT. THE PLAINTIFF,
21  CHRISTOPHER CARREA JR., HAS SUFFERED CRUEL AND VERY
22  UNUSUAL PUNISHMENT. THE PLAINTIFF, CHRISTOPHER CARREA JR.,
23  WAS SENT TO PRISION WHEN HE WAS NOT SUPOSE TO BE THERE
24  TWICE. ONCE FOR FOUR HOURS AND THEN TWO MONTHS
25  LATER FOR TWENTY FOUR HOURS. THAT IS SO UNUSUAL THAT
26  IT HAS NEVER HAPPENED TO ANOTHER INDIVIDUAL IN THE
27  HISTORY OF THE EXISTENCE OF THE STATE OF CALIFORNIA
28  DEPARTMENT OF CORRECTION, THE CRUEL AND UNUSUAL

1    PUNISHMENT OF THE PLAINTIFF, CHRISTOPHER CARREA JR., A

2    BLACKMAN, HAS NEVER HAPPENED TO A WHITE MAN.

3                              XII

4                    THE DEFENDANT, GCAS, IN HIS OFFICIAL CAPACITY

5    VIOLATED THE PLAINTIFF, CHRISTOPHER CARREA JR. CIVIL RIGHTS

6    BECAUSE IT IS HIS DUTY TO KNOW AND IN HIS INDIVIDUAL

7    CAPACITY BECAUSE HE COULD PREVENT THE CRUEL AND UNUSAL

8    PUNISHMENT OF THE PLAINTIFF, CHRISTOPHER CARREA JR.. THE

9    DEFENDANT, GCAS, KNOWS THE PLAINTIFF, CHRISTOPHER CARREA JR.

10   WAS PLACED BY DESIGN WITH DELIBRATE INDIFFERENCE TO BE

11   ASAULTED ON FOUR SEPERATE OCLASSION AT C.I.M. IN CHINO

12   CALIFORNIA, MAY 2006 WITHIN A 10 DAY PERIOD. BLACKS

13   HAVE BEEN ASAULTED AT C.I.M. WEEKLY FOR OVER

14   TWENTY YEARS. IT HAS HAPPENED SO LONG IT CAN BE SAID

15   THAT IT IS THE ADOPTED CUSTOM AND POLICY OF THE

16   DEFENDANT, GCAS, NO WHITE ARE TREATED IN THIS MANNER.

17                             XIII

18                    THE DEFENDANT, GCAS, IS SWORN TO UPHOLD

19   BOTH FEDERAL AND STATE LAWS AND THE UNITED STATES

20   CONSTITUTION AS THE GOVERNOR IN HIS OFFICIAL CAPACITY,

21   HE IS AWARE BOTH INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

22   THAT THE EIGHTH AMENDMENT OF THE UNITED STATES

23   CONSTITUTION, THE 14TH AMENDMENT OF THE UNITED STATES

24   CONSTITUTION, 42 USCA 1981 AND 42 USCA 1983 IS BEING

25   VIOLATED ON HIS WATCH. DUE TO THE DEFENDANTS, GCAS,

26   ADOPTED CUSTOM AND POLICY OF INACTION, THE DEFENDANT,

27   GCAS, SENDS A CLEAR MESSAGE TO THE DEPARTMENT

28   OF CORRECTION OF THE STATE OF CALIFORNIA, TO CONTINUE

                         PAGE TWELVE

1. THEIR CRUEL AND UNUSUAL PUNISMENT. THE DEPARTMENT
2. OF CORRECTION OF THE STATE OF CALIFORNIA, BY DESIGN
3. ARRANGES FOR BLACKS TO BE OUT NUMBERED BY HISPANICS
4. IN THE DORMS OF C.I.M. CHINO, CALIFORNIA, FULLY AWARE
5. THAT THE SOUTHERN ORGANIZATION OF MEXICAN HAVE DECLARED
6. WAR ON BLACKS. THE PLAINTIFF, CHRISTOPHER CARREA Jr.
7. WAS BEATEN FIVE MINUTES AFTER WALKING INTO THE DORM
8. BY FIVE HISPANICS OF THE AVERAGE AGE OF TWENTY.
9. THE PLAINTIFF, CHRISTOPHER CARREA Jr. IS OVER 50. MOST
10. OF THE HOUSING OFFICERS WITH THE CALIFORNIA DEPARTMET
11. OF CORRECTION ARE NOT BLACK, IN FACT MOST OF THE HOUSING
12. OFFICER AT C.I.M, CHINO, CALIFORNIA ARE HISPANICS.
13. THE HOUSING OFFICER DELIBRATELY WITH DELIBRATE INDIFFRENCE
14. OF BLACKS AT C.I.M. ALWAYS PLACE OLDER BLACKS IN DORMS
15. WITH FEWER NUMBER, THEN YOUNGER WHITES AND HISPANICS
16. AT C.I.M, CHINO, CALIFORNIA, CENTRAL RECIEVING, FOR
17. THE HISPANICS AND WHITES TO ATTACK THE OLDER BLACKS,
18. IT DOES NOT HAVE TO BE THIS AND THE DEFENDANT, GCAS,
19. KNOWS. THE NUMBER COULD BE EVENED MORE WITH A BETTER
20. RATIO OF BLACKS TO HISPANICS, IF THE HOUSING OFFICER
21. WOULD TAKE MORE YOUNGER BLACKS OUT OF SINGLE CELLS
22. AND PLACE THEM IN DORM LIVING, BUT THAT WOULD PREVENT
23. THE BEATING OF BLACKS JUST ABOUT EVERY SINGLE WEEK
24. AS IT HAPPENED TO THE PLAINTIFF, CHRISTOPHER CARREA Jr.
25. ON FOUR SEPERATE OCCASION IN THE MONTH OF MAY 2006
26. WITHIN A 10 DAY PERIOD. WHEN IT HAPPENED THE
27. FOURTH TIME, WARDEN POULOS, THE ASSISTANT WARDEN,
28. THE FACILITY CAPTIAN AND OVER 20 CORRECTIONAL OFFICER

PAGE THIRTEEN

1   WATCHED THE PLAINTIFF, CHRISTOPHER CARREA JR. GET
2   BEAT SO BAD, HE LOST HIS TOOTH, HE NEEDED STITCHES
3   AND BECAME UNCONSCIOUS. THEY DID NOT STOP IT OR PREVENT
4   IT. THEY WATCHED THE BEATING AND LONG DELAY IN MEDICAL
5   HELP, WHICH BY ALL STANDARDS WAS MEDICAL MALPRACTICE AND
6   MALFEASANCE. THE PLANTIFF, CHRISTOPHER CARREA JR., BLEED
7   UNTIL HE WENT UNCONCOUS AND WAS TAKEN TO RIVERSIDE
8   HOSPITAL, THE SGT. OF THE FACILITY PRIOR TO ALL THE ABOVE
9   ACTION, STATED AFTER THE BEATING OF THE PLAINTIFF, CHRISTOPHER
10  CARREA JR., "I AM NOT TAKING ANYONE TO THE HOSPITAL,
11  TILL ONE OF YOU APOLOGIZE FOR ASKING FOR MEDICAL ATTENTION"
12  THE STATE OF CALIFORNIA CORRECTIONAL DEPARTMENT KNEW THE
13  HISPANICS WERE GOING TO ATTACK THE PLAINTIFF, CHRISTOPHER
14  CARREA JR.. THE STATE OF CALIFORNIA CORRECTIONAL OFFICER
15  HAD EVEN READ SOME OF THE NOTES TO ATTACK BLACKS AND
16  SEEN THEM FISHING FOR WEPONS THROUGH THE WINDOW, YET
17  THEY STILL SENT THE PLAINTIFF, CHRISTOPHER CARREA JR., TO BE
18  MURDERED. NO WHITE MAN IS SUBJECTED TO THIS TYPES
19  OF ACTION. THE DEFENDANT, GLAS, FOR YEARS HAS KNOWN THE
20  ATTACK OF BLACKS AT C.I.M. CHINO, CALIFORNIA, RECEPTION
21  CENTER HAPPENS DAILY, BUT THE DEFENDANT, GLAS, REFUSES
22  TO PREVENT THE CRUEL AND UNUSUAL PUNISHMENT OF BLACKS
23  AT C.I.M.. IT HAS HAPPENED FOR TWENTY YEARS OR LONGER,
24  SO LONG IT IS THEIR ADOPTED CUSTOM AND POLICY, THE DEFENDANT
25  GLAS, HAS ACCEPTED AS PERMENENT CUSTOM AND POLICY AND
26  REFUSES TO DO ANYTHING, ABOUT WHAT CAUSES THE
27  THE CONSTITUTIONAL TORTS TO THE PLAINTIFF, CHRISTOPHER
28  CARREA JR.

PAGE FOURTEEN

<u>XIV</u>

1

2 THE DEFENDANT, GCAS, KNEW OR SHOULD HAVE

3 KNOWN THAT THE DAY PLAINTIFF, CHRISTOPHER CARREA JR., WAS

4 RELEASED FROM THE HOSPITAL, THAT THE STATE OF CALIFORNIA

5 DEPARTMENT OF CORRECTION TO JUSTIFY THE FACT THAT THE

6 WARDEN OF C.I.M. (POULOS) THE ASSISTANT WARDEN OF CIM

7 AND OVER 20 STATE OF CALIFORNIA DEPARTMENT OF CORRECTION

8 OFFICER ARRANGED AND DESIGNED FOR THE PLAINTIFF, CHRISTOPHER

9 CARREA JR., TO BE BEAT TO DEATH AND REFUSED TO STOP IT

10 OR PREVENT THE BEATING. THEN AFTER THE CONSTITUTIONAL

11 TORT OF CRUEL AND UNUSUAL PUNISHMENT, ACCUSED THE

12 THE PLAINTIFF, CHRISTOPHER CARREA JR. FALSLY, OF ASAULTING

13 SOMEONE. THE CHARGE WAS SO FAR FETCHED THAT THEY

14 COULD NOT COME UP WITH THE NAME OF ANYONE THAT THE

15 PLAINTIFF, CHRISTOPHER CARREA JR, WAS SUPOSE TO HAVE

16 ATTACKED. THE MEDICAL TREATMENT OF THE STATE OF

17 CALIFORNIA DEPARTMENT OF CORRECTION IS SO BAD, THAT IF AN

18 INMATE ASKS FOR MEDICAL ASSISTANCE HE IS CHARGED WITH A

19 CRIME. THE MEDICAL TREATMENT OF CALIFORNIA DEPARMENT IS SO

20 BAD THAT THE FEDERAL GOVERNMENT HAS NOW PLACED A FEDERAL

21 OVER SEEER OF THE ENTIRE STATE OF CALIFORNIA DEPARTMENT OF

22 CORRECTION MEDICAL DEPARTMENT, THAT NOT ONLY REPORTS TO THE

23 DEFENDANT, GCAS, BUT THE DEFENDANT, GCAS, HAS PEOPLE THAT

24 MONITOR THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTION

25 ACTS AND ECPECIALLY MEDICAL ACTS. THE DEFENDANT, GCAS,

26 KNOWS ABOUT THE MEDICAL MISTREATMENT OF THE PLAINTIFF,

27 CHRISTOPHER CARREA JR., ESPECIALLY IN VIEW OF THE FACT THAT

28 IT WAS SO SERIOUS, THE PLAINTIFF, CHRISTOPHER CARREA JR.,

PAGE FIFTHTEEN

1  WENT UNCONSOUS AND HAD TO BE TRANSFERED OUT OF THE
2  STATE OF CALIFORNIA DEPARTMENT OF CORRECTION. BECAUSE
3  THE MEDICAL STAFF DID NOT HAVE THE PROPER KNOWLEDGE
4  OR EQUIPMENT TO HANDLE HEAD INJURIES AND THEY HAD
5  WAITED SO LONG TO MAKE THE DECISION THAT THE
6  PLAINTIFF, CHRISTOPHER CARREA JR., WAS TRANSFERED. THE
7  PLAINTIFF, CHRISTOPHER CARREA JR. AFTER BEING TRANSFERED
8  BACK TO THE DEPARTMENT OF CORRECTION OF CALIFORNIA INSTEAD OF
9  BEING PLACED IN MEDICAL WAS PLACED IN A HOLE WITH OUT THE
10 PRESCRIBED PAIN MEDICATION AND WITHOUT PROVIDED MEDICAL
11 FOLLOW UP.        THE DEFENDANT, GCAS, KNOWS OR SHOULD HAVE
12 KNOWN THAT THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTION
13 INFLICTED CRUEL AND UNUSUAL PUNISHMENT UPON THE PLAINTIFF,
14 CHRISTOPHER CARREA JR., PRIOR TO A HEARING. IT IS THE
15 ADOPTED CUSTOM AND POLICY OF THE DEFENDANTS TO CHARGE AND
16 THROW THE PLAINTIFF, CHRISTOPHER CARREA JR. INTO THE
17 WORST HOLE OF THE STATE SEVERLY WOUNDED WITHOUT
18 MEDICAL ATTENTION, FALSLY CHARGED, PRIOR TO A HEARING.
19 THESE ACTS DON'T HAPPEN TO WHITE MEN. THE PLAINTIFF,
20 CHRISTOPHER CARREA JR. WAS SENT TO PRISION FOR FOUR
21 HOURS, WHICH WAS WHAT THE CALLED AN "ERROR" AND THEN
22 TWO MONTHS LATER BROUGHT THE PLAINTIFF, CHRISTOPHER
23 CARREA JR. BACK TO PRISION FOR 24 HOURS AND STATED
24 AGAIN IT WAS AN "ERROR".
25                    X X
26              THE DEFENDANT, GCAS, IN HIS OFFICAL CAPACITY
27 AND INDIVIDUAL CAPACITY VIOLATED THE PLAINTIFF, CHRISTOPHER
28 CARREA JR., 5TH, 6TH, 8TH, 14TH AMENDMENT OF THE

PAGE SIXTEEN

1 UNITED STATES CONSTITUTION, 42 USCA 1981, 42 USCA 1983
2 THROUGH NEGLIGENCE AND BREACH OF DUTY. THE DEFENDANTS,
3 GCAS, KNEW OR SHOULD HAVE KNOWN AND IS RESPONSIBLE FOR THE
4 PLAINTIFF, CHRISTOPHER CARREA JR. A BLACKMAN, BEING CONVICTED
5 OF A CHARGE BY THE STATE OF CALIFORNIA DEPARTMENT OF
6 CORRECTION TO JUSTIFY THEIR UN MERITED ATTEMPT
7 MURDER OF THE PLAINTIFF, CHRISTOPHER CARREA JR.
8 WITHOUT THE PRIVLEGE OF BRINGING WITNESSES, AND THE
9 SUBMISSION OF EVIDENCE IN HIS BEHALF. THE VIOLATION OF THE
10 PLAINTIFF, CHRISTOPHER CARREA JR. CONSTITUTIONAL RIGHTS IS
11 A CONSTITUTIONAL TORT BY THE DEFENDANT, GCAS. THE
12 THE PLAINTIFF, CHRISTOPHER CARREA JR, WAS ILLEGALLY
13 CONVICTED DESPITE THE FACT OVER TWENTY STATE OF CALIFORNIA
14 CORRECTIONAL OFFICER STATED THEY HAD NO EVIDENCE OF THE
15 PLAINTIFF, CHRISTOPHER CARREA JR., COMMITTING ANY WRONG.
16 IN FACT EVERY STATE OF CALIFORNIA CORRECTIONAL OFFICER
17 THAT FILED A REPORT STATED THEY HAD NO EVIDENCE THE
18 PLAINTIFF, CHRISTOPHER CARREA JR., DID ANYTHING WRONG.
19 THE RESON THE HEARING OFFICER GAVE WAS THAT THE
20 PLAINTIFF IS "BLACK" FOR HIM CONVICT THE PLAINTIFF,
21 CHRISTOPHER CARREA JR., AND ANOTHER RESON GIVEN
22 WAS THAT THE STATE OF CALIFORNIA HAS ALLOWED BLACKS
23 FOR THE PAST DECADE OR SO TO BE ATTACKED BY HISPANICS,
24 THE RESON GIVEN ARE CONSTITUTIONAL TORTS. THE RESON
25 GIVEN ARE VIOLATION OF 42 USCA 1981, 42 USCA 1983
26 THE 5TH, 6TH, 8TH, 14TH AMENDMENT OF THE UNITED
27 STATES CONSTITUTION. THE DEFENDANT, GCAS, IS A MAJOR
28 PART OF THIS SYSTEM AND ORGANIZATION THAT COMMITTED

PAGE SEVENTEEN

1  THE CONSTITUTIONAL TORTS TO THE PLAINTIFF, CHRISTOPHER
2  CARREA JR. THE DEFENDANT, GLAS IS THE "RING LEADER". THERE
3  IS NO WHITE MAN THAT HAS BEEN CONVICTED BECAUSE HE IS WHITE.
4  XXI
5  THE DEFENDANT, GLAS, VIOLATED THE PLAINTIFF,
6  CHRISTOPHER CARREA JR., CONSTITUTIONAL RIGHTS BY ALLOWING A
7  STATE OF CALIFORNIA DEPARTMENT TO USE A MAN RACE TO
8  CONVICT HIM. THE STATE OF CALIFORNIA DEPARTMENT ASSISTANT
9  WARDEN JUAREZ, REFUSED TO PUT HIS SIGNATURE ON A
10  CONVICTION BASED ON RACE. HE FELT IT WAS SO FAR FETCHED,
11  THAT HE REVERSED THE CONVICTION AND DISMISSED IT. THE
12  PLAINTIFF, CHRISTOPHER CARREA JR., DESPITE HAVING ALL
13  CHARGES DROPED AGAINST HIM, WAS STILL KEPT IN THE
14  HOLE FOR TWO MONTHS WITHOUT PROPER MEDICAL ATTENTION
15  AND WAS KEPT BEYOND HIS RELEASE DATE. THERE WAS NO
16  AIR CONDITION, THE TEMPERATURE WAS SO HIGH THAT THE
17  CONCRETE WALLS WERE HOT. THE TOLIET WAS BROKEN, THERE
18  WAS LEACHES ALL OVER THE FLOOR FOR THE ENTIRE STAY
19  IN THE HOLE. THE DEFENDANTS STATED "WE LOST YOUR FILE!"
20  FINALLY AFTER MONTHS IN UN BEARABLE CONDITION. ANOTHER
21  ASSISTANT WARDEN, MADE A TEMPORARY FILE AND STATED
22  AT A COMMITTEE MEETING THAT WAS HELD BEYOND THE PLAINTIFFS
23  RELEASE DATE THAT ALL CHARGES WERE DISMISSED. THE STATE
24  OF CALIFORNIA STILL REFUSED TO RELEASE THE PLAINTIFF,
25  CHRISTOPHER CARREA JR. WHO WAS WELL BEYOND HIS
26  RELEASE DATE IN VIOLATION OF THE 5TH, 6TH, 8TH AND 14TH
27  AMENDMENT OF THE UNITED STATES CONSTITUTION. THE
28  PLAINTIFF, CHRISTOPHER CARREA JR., WAS FINALLY RELEASED

1  BY THE STATE OF CALIFORNIA, WEEKS BEYOND HIS RELEASE DATE.
2  THE DEFENDANTS, REFUSED TO GIVE THE PLAINTIFF, CHRISTOPHER
3  CARREA THE MONEY DUE AND EVEN STOLE BLOOD'" FROM THE
4  PLAINTIFF, CHRISTOPHER CARREA JR.. THE DEFENDANT, GCAS,
5  OMMISSION OF ACTS AND CONCERNS ABOUT THESE SPECIFIC
6  CONSTITUTIONAL TORTS OF THE PLAINTIFF, CHRISTOPHER CARREA
7  JR. IS A RECKLESS DISREGARD OF HIS DUTY TO UPHOLD THE LAW
8  THROUGH HIS OFFICIAL CAPACITY AND HE REFUSED TO UPHOLD
9  COMMON DECENCY, MORAL AND CONCERNS FOR HUMANS IN HIS
10 INDIVIDUAL CAPACITY IS WHAT CAUSED THE CONSTITUTIONAL
11 TORTS TO THE PLAINTIFF, CHRISTOPHER CARREA JR., THAT HAS
12 NEVER HAPPENED TO A WHITEMAN. IF THE DEFENDANT, GCAS,
13 EVER STEPS FORWARD AND STATE THAT THESE TYPES OF ACTS
14 BETTER NOT EVER HAPPEN, THESE TYPES OF ACTS WOULD NOT
15 HAPPEN. THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTION
16 FEELS COMFARTABLE COMMITTING CONSTITUTIONAL TORTS. THEY
17 HAVE A LONG HISTORY, CUSTOM AND POLICY OF COMMITTINL
18 CONSTITUTIONAL TORTS TO THE PLAINTIFF, CHRISTOPHER CARREA JR.
19 PRIOR TO THIS THEY SENT THE PLAINTIFF, CHRISTOPHER CARREA JR.
20 TO PRISION 4 HOUR THEN TWO MONTHS AFTER 24 HOURS BOTH
21 TIMES THEY ALLEGED, IT WAS "ERROR". THE DEFENDANTS
22 CONTINUALLY DO WIERD, BAZZAR AND UNUSUAL THAT THEY
23 THEMSELVES CLAIM HAS NEVER HAPPENED TO ANYONE
24 ELSE. THE DEFENDANT, GCAS, NEVER SAYS STOP TO THE
25 OTHER DEFENDANTS IS THE RESON FOR THE CONTINUOS TORTS
26 TO THE PLAINTIFF, CHRISTOPHER CARREA JR..
27          THE DEFENDANT, GCAS, VIOLATION OF ACTS AND
28 OMMISSION OF ACTS TO PREVENT THE ACTS DESCRIBED IN

                    PAGE NINETEEN

1  SECTION X-XXII OF THIS COMPLAINT, ARE BREACH OF DUTY AND
2  NEGLIGENCE. THERE WAS AN OBLIGATORY DUTY FOR SPECIFIC
3  ACTION BY THE DEFENDANT, GCAS, TO TAKE, TO PREVENT HARM,
4  DANGER, ATTEMPT MURDER AND DISCRIMINATION OF THE PLAINTIFF,
5  CHRISTOPHER CARREA JR. THE VIOLATION OF THESE STATUTE
6  CONSTITUTE PRESUMPTIVE FAILURE TO EXERCISE, DUE CARE IS
7  NEGLIGENCE AND BREACH OF DUTY BY DEFENDANT, GCAS. THE BLACK
8  LAW DICTIONARY DEFINES NEGLIGENCE AS FOLLOW:
9         THE FAILURE TO EXERCISE THE STANDARD OF CARE
10        THAT A REASONABLY PRUDENT PERSON WOULD HAVE
11        EXERCISED IN A SIMILIAR SITUATION
12  A PRUDENT PERSON IN A SIMILIAR SITUATION AS THE DEFENDANT, GCAS,
13  WOULD NOT HAVE COMMITTED, ARE ALLOWED THE ACTS DESCRIBED IN
14  SECTION X-XXI. THE DEFENDANT, GCAS, HAS CREATED THE ENVIRMENT
15  THAT MAKES THE DEFENDANTS COMFARTABLE TO COMMIT CONSTITUTIONAL
16  TORTS. THE BLACKS LAW DICTIONARY DEFINES BREACH OF DUTY AS FOLLOW:
17        THE VIOLATION OF A LEGAL OR MORAL OBLIGATION;
18        THE FAILURE TO ACT AS THE LAW OBLIGATES ONE TO ACT
19  THE LAW OBLIGATED THE DEFENDANT, GCAS, BUT THE DEFENDANT,
20  GCAS, FELT, NO MORAL OBLIGATION NOT TO VIOLATE A SIGNED
21  AGREEMENT WITH THE PLAINTIFF, CHRISTOPHER CARREA JR. TO ONLY
22  DO HALF OF SIX MONTH AND BE RELEASED. THE DEFENDANT, GCAS,
23  FEELS NO MORAL OBLIGATION TO PREVENT THE VIOLATION OF
24  42 USCA 1981, 42 USCA 1983, 42 USCA 1985, 42 USCA 1986, THE 5TH,
25  6TH, 8TH, 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION,
26  BUT CHOSES TO ALLOW AND HIMSELF COMMIT THE VIOLATION
27  OF THESE PROTECTED STATUTE IN BREACH OF DUTY AND
28  NEGLIGENCE TO PLAINTIFF, CHRISTOPHER CARREA JR.

PAGE TWENTY

1                          $\underline{XXII}$

2                THE DEFENDANTS, THE STATE OF CALIFORNIA

3   DEPARTMENT OF CORRECTIONS, (HEREINAFTER KNOWN AS CDC)

4   AND THE STATE OF CALIFORNIA DEPARTMENT OF

5   CORRECTIONS DIRECTOR, (HEREINAFTER KNOWN AS CDCD)

6   VIOLATED THE PLAINTIFF, CHRISTOPHER CARREA JR., 42 USCA

7   1981, 42 USCA 1983 RIGHTS THROUGH AND/OR WITH NEGLIGENCE

8   BREACH OF DUTY AND BREACH OF CONTRACT, AS FOLLOW:

9                THE DEFENDANTS, CDC AND CDCD, HAS

10  ADOPTED THE CUSTOM AND POLICY TO ALLOW THE DEPARTMENT

11  OF CALIFORNIA CORRECTION, CORRECTIONAL OFFICER, TO

12  DO WHAT EVER THEY WANT TO, EVEN WHEN IT IS WRONG. IN

13  FACT THE WARDENS OF DEFENDANTS, CDC AND CDCD, ARE ALLOWED

14  TO MAKE UNPUBLISHED LAW AT WHAT EVER FACILITY THEY RUN

15  IN VIOLATION OF 42 USCA 1981, 42 USCA 1983, THE 4TH,

16  5TH, 6TH AND 8TH AND 14TH AMENDMENTS OF THE UNITED

17  STATES CONSTITUTION, WHICH ALSO STATES CALIFORNIA IS NOT

18  AN ISLAND BY IT SELF, IF IT IS WITHIN THE JURISDICTION OF

19  THE UNITED STATES. THE DEFENDANT, THE STATE OF CALIFORNIA,

20  STAYS IN TROUBLE, DUE TO THE DEFENDANT, THE STATE OF

21  CALIFORNIA ALLOWING THE DEFENDANTS, CDC AND CDCD,

22  ADOPTED POLICY AND CUSTOM, WHEREBY THEY DON'T CARE

23  ABOUT BEING OUT OF TROUBLE. THE DEFENDANTS, OF THIS

24  CASE HAS NEVER FIRED A DEPARTMENT OF CORRECTION,

25  CORRECTIONAL OFFICER, FOR VIOLATING AN INMATE

26  CONSTITUTIONAL RIGHTS, DESPITE THE FACT THAT THEY REPEATEDLY

27  VIOLATE INMATE, UNITED STATES CONSTITUTIONAL RIGHTS. THE

28  DEFENDANTS, CDC AND CDCD, HAS A POLICY FOR CORRECTIONAL