# EXHIBIT A (Part 2 of 2)

1. OFFICER TO VIOLATE COURT SUMMONS AND SUBPENA. THE
2. PLAINTIFF, CHRISTOPHER CARREA JR., UNITED STATES CONSTITUTIONAL
3. RIGHTS HAVE BEEN REPEATEDLY VIOLATED. THE DEFENDANTS, WAS
4. REPRIMINDED BY UNITED STATES DISTRICT COURT, SENIOR JUSTICE,
5. THELTON E. HENDERSON, BECAUSE OF THE MURDERING AND WOUNDING
6. OF INMATES DUE TO THE POLICY AND CUSTOMS ADOPTED BY THE
7. THE DEFENDANTS, CDC AND CDCD. THE RESPONSE OF THE DEFENDANTS,
8. WAS SO WHAT LET THE FEDS TAKE OVER. THE DEFENDANTS, CDC
9. AND CDCD, HAS THE POWER TO STOP THE CONSTITUTIONAL TORTS OF
10. THE PLAINTIFF, CARREA, CHRISTOPHER JR., BUT REFUSED TO. THE
11. DEFENDANTS, CDC AND CDCD, IN BOTH OFFICIAL CAPACITY AND
12. INDIVIDUAL CAPACITY, VIOLATED THE PLAINTIFF, CHRISTOPHER
13. CARREA JR., CONSTITUTIONAL AND CIVIL RIGHTS, BY HAVING
14. THE PLAINTIFF, CHRISTOPHER CARREA JR., SENT TO A PRISON
15. OUTDATED AND CONDEMN, BUILT AND OPENED 1941, DESIGNED FOR
16. 2,778 INMATES, BUT THE STATE OF CALIFORNIA DEPARTMENT OF
17. CORRECTION SENT THE PLAINTIFF, CHRISTOPHER CARREA JR.,
18. AND 7,000 OTHER INMATES TO A PLACE DESIGNED FOR ONLY 2778,
19. WHICH CAUSED THE CRUEL AND UNUSUAL PUNISHMENT OF THE
20. PLAINTIFF, CHRISTOPHER CARREA JR., IN VIOLATION OF HIS CIVIL
21. RIGHTS. THE PLAINTIFF, CHRISTOPHER CARREA JR., HAS SUFFERED
22. CONSTITUTIONAL TORTS THAT NO WHITE MAN HAS EVER SUFFERED.
23. XXIII
24. THE DEFENDANTS, CDC AND CDCD, PLACED THE
25. PLAINTIFF, CHRISTOPHER CARREA JR., BY DESIGN WITH DELIBRATE
26. INDIFFERENCE, DURING THE MONTH OF MAY 2006 TO BE
27. MURDERED OR SEVERLY WOUNDED. THE MONTH OF MAY 2006,
28. WITHIN A SPAN OF 10 DAYS, THE PLAINTIFF, CHRISTOPHER

1. CARREA JR. BY DESIGN OF THE DEFENDANTS, CDC AND CDCD,
2. WAS ASSAULTED FOUR SEPRATE DAYS, FOUR SEPRATE TIMES. THE
3. DEFENDANTS, CDC AND CDCD, IS FULLY AWARE THAT THE
4. MEXICAN ORGANIZATION HAS DECLARED WAR ON BLACKS FOR DECADES.
5. THE DEFENDANTS, CDC AND CDCD, ALLOWS THE HOUSING SGT.
6. TO PLACE INMATES IN THE DORMS AT C.I.M., LOCATED AT CHINO.
7. THE HOUSING SGT. MOSTLY HAVE HISPANICS SUR NAMES, DUE
8. TO THE FACT MOST OF THE HOUSING SGT. AND FACILITY CAPTAINS
9. ARE HISPANICS. THE PLAINTIFF, CHRISTOPHER CARREA JR. HAS
10. NEVER SEEN A BLACK FACILITY CAPTAIN AT C.I.M. CHINO,
11. CALIFORNIA, CENTRAL RECEIVING. THE HISPANIC AND WHITE SGT.
12. ALWAYS PLACE A SMALL NUMBER OF BLACK MEN, (OVER 45 AVERAGE
13. AGE) IN A DORM, WITH A LARGE NUMBER OF HISPANICS AND
14. WHITE INMATES OF THE AVERAGE AGE OF 25. MOREOVER IT MUST
15. BE NOTED THE WHITE AND HISPANICS FIGHT TOGETHER AGAINST
16. THE BLACK RACE. (THE ELDERLY BLACK MEN) THE PLAINTIFF, CHRISTOPHER
17. CARREA JR., WAS PLACED IN 4 OF THESE ATTACKS. THE FOURTH
18. ATTACK, THE WARDEN, POULOS AND THE ASSISTANT WARDEN WAS
19. THERE TO WATCH AND REFUSED TO STOP IT FROM HAPPENING AND
20. SEEMED TO BE ENTERTAINED AT THE SIGHT OF BLOOD COMING
21. FROM THE HEAD AREA OF THE PLAINTIFF, CHRISTOPHER CARREA JR..
22. ONE OF THE HOUSING CORRECTIONAL OFFICER, (C.O. NEAL)
23. WHO ESCORTED THE PLAINTIFF, CHRISTOPHER CARREA JR. AND
24. OTHER ELDERLY BLACKS TO THE MASSACRE, FOUND HUMOR IN
25. THE SIGHT OF THE WOUNDED. THIS HAS HAPPENED WITH THE
26. DEFENDANTS, CDC AND CDCD, FOR SO LONG IT IS THEIR
27. ADOPTED CUSTOM AND POLICY. NO WHITE MAN HAS BEEN
28. SUBJECTED TO THIS TYPE OF CRUEL AND UNUSUAL PUNISHMENT.

PAGE TWENTY THREE

## XXIV

THE DEFENDANTS, CDC AND CDCD, THE DAY THE PLAINTIFF, CHRISTOPHER CARREA JR., WAS RELEASED FROM THE HOSPITAL FROM BEING ASSAULTED IN FRONT OF WARDEN POLOUS, THE ASSISTANT WARDEN AND OVER 20 OFFICER, CHARGED THE DEFENDANTS TO CHARGE THE PLAINTIFF, CHRISTOPHER CARREA JR., WITH ASSAULT TO JUSTIFY THERE ACTION OF DELIBRATE INDIFFRENCE OF THE PLAINTIFF, CHRISTOPHER CARREA JR., THE DEFENDANTS, CDC AND CDCD, COMMITTED THE ABOVE CONSTITUTIONAL TORTS, OF CRUEL AND UNUSUAL PUNISHMENT, TO JUSTIFY THEIR CRUEL AND UNUSUAL PUNISHMENT AND CONSTITUTIONAL TORT. THE DEFENDANTS, CDC AND CDCD, CHARGE OF THE PLAINTIFF, CHRISTOPHER CARREA JR., WAS SO FAR FETCHED THAT THEY COULD NOT COME UP WITH A NAME OF WHOM THE PLAINTIFF, CHRISTOPHER CARREA JR. ALLEGEDLY ATTACKED. THE RESON FOR THIS WAS THAT THE PLAINTIFF, CHRISTOPHER CARREA JR., DID NOT ATTACK ANYONE. THE PLAINTIFF, CHRISTOPHER CARREA JR., WAS THE ONE ATTACKED, AND ASSAULTED BY DESIGN OF THE DEFENDANTS, CDC AND CDCD. THE DEFENDANTS, CDC AND CDCD, MEDICAL TREATMENT OF THE PLAINTIFF, CHRISTOPHER CARREA JR., AND OTHER INMATES, IS SO BAD, THAT ANY INMATE THAT ASK FOR MEDICAL TREATMENT, IS CHARGED WITH A CRIME BY THE DEFENDANTS, CDC AND CDCD. THE MEDICAL TREATMENT IS SO BAD BY THE DEFENDANTS, CDC AND CDCD, THAT THE SENIOR JUSTICE, THELTON E. HENDERSON OF UNITED STATES DISTRICT COURT, HAS APPOINTED A FEDERAL OVERSEER OF THE ENTIRE MEDICAL STAFF OF THE DEFENDANTS,

1  CDC AND CDCD. THE MEDICAL TREATMENT WAS SO BAD, THAT
2  THE PLAINTIFF, CHRISTOPHER CARREA JR., WENT UNCONSOUS,
3  BECAUSE THE PLAINTIFF, CHRISTOPHER CARREA JR. WAS LEFT
4  BLEEDING FOR OVER FOUR HOURS, BEFORE HE WAS
5  TRANSFERED FROM C.I.M. CENTRAL RECEIVING TO C.I.M.
6  HOSPITAL. THE DEFENDANTS, CDC AND CDCD, SAID "WE HAVE TO
7  WAIT FOR AN AMBULANCE TO GO ABOUT FOUR BLOCKS. WHEN
8  THE PLAINTIFF, CHRISTOPHER CARREA JR., WAS FINALLY
9  TRANSFERED THE PLAINTIFF, CHRISTOPHER CARREA JR., FELL
10 UNCONSOUS AND HAD TO BE TRANSFERED TO RIVERSIDE
11 HOSPITAL AND AGAIN HAD TO WAIT FOR AN OUTSIDE
12 AMBULANCE. THE PLAINTIFF, CHRISTOPHER CARREA JR., AGAIN
13 WENT UNCONSOUS DUE TO THE DEFENDANTS, CDC AND CDCD,
14 NOT BUYING ANOTHER NEEDED AMBULANCE FOR MEDICAL, BUT
15 CONSTANTLY KEEPS AN ABUNDANCE OF BUSES TO BRING MORE
16 INMATES IN. IN FACT THE ONLY NEW VEHICLES MOST EVER SEE
17 OF THE DEFENDANTS, CDC AND CDCD, ARE NEW BUSES TO BRING
18 INMATES. THE DEFENDANTS, CDC AND CDCD ONLY CARE ABOUT
19 STUFFING PRISION, NOT OPERATING PRISION. THE STATE POLICY
20 AND CUSTOM ARE IN VIOLATION OF CIVIL RIGHTS. WHEN THE
21 PLAINTIFF, CHRISTOPHER CARREA JR. WAS TRANSFERED BACK TO
22 THE DEPARTMENT OF CORRECTION HE WAS PLACED IN A HOLE
23 AND NOT GIVEN MEDICINE FOR DAYS AND DID NOT SEE A
24 DOCTOR FOR WEEKS. THE PLAINTIFF, CHRISTOPHER CARREA JR.,
25 THE PLAINTIFF, CHRISTOPHER CARREA JR. WAS IN THE HOLE
26 IN PAIN WHEN THE DEFENDANTS, CDC AND CDCD, PUNISHED AND
27 IMPOSED THE PLAINTIFF, CHRISTOPHER CARREA JR., TO BE IN A
28 HOLE WITH LEACHES CRAWLING ALL OVER THE FLOOR. THE

PAGE TWENTY FIVE

1. THE TOILET WAS BROKEN AND THERE WAS NO VENTALATION AND
2. THE HEAT WAS SO HOT THE WALLS WERE HOT. THERE WAS NO
3. AIR CONDITION DURING THE HOTTEST MONTH OF THE YEAR. JUNE,
4. JULY AND AUGUST. THE HEAT WAS UN BEARABLE. IT WENT TO
5. THE DEAF EARS OF THE DEFENDANTS CDC AND CDCD. THE DEFENDANTS,
6. CDC AND OTHER'S JUST DID NOT CARE. THE THINGS THAT HAPPENED
7. TO THE PLAINTIFF, CHRISTOPHER CARREA JR., HAS NEVER HAPPENED
8. TO ANY WHITE MAN. THE PLAINTIFF, CHRISTOPHER CARREA JR.,
9. WAS HELD BEYOND HIS RELEASE DATE, IN BREACH OF THE SIGNED
10. CONTRACT BETWEEN THE PLAINTIFF, CHRISTOPHER CARREA JR.
11. AND THE DEFENDANTS. THE PLAINTIFF, CHRISTOPHER CARREA JR.
12. FILED 602 AFTER 602. THE DEFENDANTS, HAS DONE THIS SO LONG
13. IT IS THEIR ADOPTED CUSTOM AND POLICY. THE DEFENDANTS,
14. CDC AND CDCD, BY ALL AND ANY STANDARDS SUBJECTED THE
15. PLAINTIFF, CHRISTOPHER CARREA JR., TO CRUEL AND UNUSUAL
16. PUNISHMENT. THE SUBJECTION OF THE PLAINTIFF, CHRISTOPHER
17. CARREA JR., BY THE DEFENDANTS, CDC AND CDCD, WAS DUE TO
18. THE CUSTOM AND POLICY OF DEFENDANTS, CDC AND CDCD.
19. THE SUBJECTION OF THE PLAINTIFF, CHRISTOPHER CARREA JR.
20. TO CRUEL AND UNUSUAL PUNISHMENT WAS DUE TO THE
21. DELIBRATE INDIFFRENCE OF THE DEFENDANTS CDC AND CDCD,
22. OF 42 USCA 1981, 42 USCA 1983, THE UNITED STATES
23. CONSTITUTION AND THE PLAINTIFF, CHRISTOPHER CARREA JR..
24. THE PLAINTIFF, CHRISTOPHER CARREA JR. WAS PLACED IN THE
25. WORST HOLE IN THE STATE PRISION SYSTEM, PRIOR TO THE
26. PRESENTING OF THE CASE BEFORE A TRIBUNAL BECAUSE IT IS THE
27. DEFENDANTS, CDC AND CDCD POLICY AND CUSTOM TO PUNISH
28. THEN HAVE A HEARING IN VIOLATION OF THE UNITED STATES

PAGE TWENTY SIX

CONSTITUTION AND CIVIL RIGHTS. THE DEFENDANTS, CDC AND CDCD, HAS A DELIBRATE, INDIFFRENCE OF THE PLAINTIFF, CHRISTOPHER CARREA JR., AND THE 8TH AMENDMENT OF THE UNITED STATES OF AMERICA CONSTITUTION. THE DEFENDANTS, CDC AND CDCD, HAS CAUSED CRUEL AND UNUSUAL PUNISHMENT TO THE PLAINTIFF, CHRISTOPHER CARREA JR., SO UNUSUAL THAT THEY EVEN SAY IT HAS NEVER HAPPENED TO ANY OTHER INMATE. THE DEFENDANTS, CDC AND CDCD, HAS SENT THE PLAINTIFF, CHRISTOPHER CARREA TO PRISION IN WHAT THEY DEEMED AS AN "ERROR" FOR FOUR HOURS AND THEN MADE THE SAME "ERROR" TWO MONTH LATER, HOLDING THE PLAINTIFF, CHRISTOPHER CARREA JR., FOR TWENTY FOUR HOURS.

### XXV

THE DEFENDANTS, CDC AND CDCD, ARE LIABLE FOR THE PLAINTIFF, CHRISTOPHER CARREA JR. BEING FALSLEY CONVICTED OF A CHARGE, WITHOUT THE PRIVLEGE AND RIGHT TO BRING WITNESSES IN HIS BEHALF IN VIOLATION OF THE 5TH, 6TH, 8TH AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION. THE DEFENDANTS, CDC AND CDCD, VIOLATED ALL PROCEDURAL DUE PROCESS OF THE LAW WITH DELIBRATE INDIFFRENCE OF VIOLATING THE PLAINTIFF, CHRISTOPHER CARREA JR., CIVIL RIGHTS AND CAUSING THE CONSTITUTIONAL TORTS OF THE PLAINTIFF, CHRISTOPHER CARREA JR. x THE PLAINTIFF, CHRISTOPHER CARREA JR., WAS CONVICTED TO JUSTIFY THE CONSTITUTIONAL TORTS COMMITTED BY THE DEFENDANTS, CDC AND CDCD, OF THE PLAINTIFF, CHRISTOPHER CARREA JR., DESPITE THE FACT

PAGE TWENTY SEVEN

THAT EVERY CORRECTIONAL OFFICER PRESENT THAT DID A REPORT AND WAS INTERVIEWED, WHICH WAS OVER 20 OFFICER, STATED BOTH VERBAL AND IN WRITING THEY HAD NO EVIDENCE THE PLAINTIFF, CHRISTOPHER CARREA JR., COMMITTED THE ALLEGED ASAULT OR FOR THAT MATTER ANY THING WRONG. THE RESON THE HEARING OFFICER GAVE FOR CONVICTING THE PLAINTIFF, CHRISTOPHER CARREA JR., WAS THAT HE IS BLACK AND BLACK AND HISPANICS DO THESE TYPES OF THINGS. THERE IS NO WHITE MAN THAT HAS EVER BEEN CONVICTED JUST BECAUSE HE IS WHITE. THIS HAS HAPPENED SO LONG THAT IT CAN BE SAID TO BE THE ADOPTED CUSTOM AND POLICY OF THE DEFENDANTS, CDC AND CDCD. NO WHITE MAN HAS ENDURED THE PAIN AND SUFFERING OF THE PLAINTIFF, CHRISTOPHER CARREA JR., A BLACK MAN.

XXVI

THE DEFENDANTS, CDC AND CDCD, IN THEIR OFFICIAL CAPACITY AND THEIR INDIVIDUAL CAPACITY HAS VIOLATED THE PLAINTIFF, CHRISTOPHER CARREA JR., CONSTITUTIONAL RIGHTS. THE CONVICTION OF THE PLAINTIFF CHRISTOPHER CARREA JR. WAS SO INSANE, DUE TO THE FACT THE PLAINTIFF, CHRISTOPHER CARREA JR. IS BLACK, HE WAS CONVICTED, THAT ASSOCIATE WARDEN, JUAREZ, REFUSED TO PUT HIS SIGNATURE ON IT. HE FELT IT WAS SO FAR FETCHED THAT HE REVERSED IT AND DISMISSED IT. HE DISMISSED ALL CHARGES AGAINST THE PLAINTIFF, CHRISTOPHER CARREA JR.. THE PLAINTIFF, CHRISTOPHER CARREA JR., DESPITE HAVING ALL CHARGES DROPED, WAS STILL KEPT IN A HOLE

PAGE TWENTY EIGHT

1. BEYOND HIS RELEASE DATE. THE HOLE IN CHINO IS THE WORST
2. IN THE STATE. IT IS CRUEL AND UNUSUAL PUNISHMENT BY
3. ALL STANDARDS. THE DEFENDANTS, CDC AND CDCD, SUBJECTED THE
4. PLAINTIFF, CHRISTOPHER CARREA JR. TO CRUEL AND UNUSUAL
5. PUNISHMENT, IN VIOLATION OF THE 8TH AMENDMENT OF THE
6. UNITED STATES CONSTITUTION AND THE 14TH AMENDMENT OF
7. THE UNITED STATES OF AMERICA CONSTITUTION. THE HOLE THAT
8. THE PLAINTIFF, CHRISTOPHER CARREA JR., WAS PLACED IN, WAS IN
9. IN THE WORST HEAT OF THE SUMMER DURING THE MONTH OF JUNE,
10. JULY AND AUGUST OF 2006. THE HEAT WAS SO HOT, THE
11. CONCRETE WALLS WERE HOT. THE HOLE AT C.I.M. (CALIFORNIA
12. INSTITUTION FOR MEN) IN CHINO, CALIFORNIA, RESEMBLED A BIRD
13. CAGE OR WORST. THERE WAS NO AIR CONDITION AND THERE
14. WAS LEECHES ALL OVER THE FLOOR. THE DEFENDANTS, CDC
15. AND CDCD, AFTER WEEKS AFTER THE PLAINTIFF, CHRISTOPHER
16. CARREA JR., WAS HELD BEYOND HIS RELEASE, WAS TOLD THEY
17. HAD MADE AN "ERROR". THE DEFENDANTS, CDC AND CDCD,
18. HAD LEFT THE PLAINTIFF, CHRISTOPHER CARREA JR., IN A
19. HOLE OF TERROR AND CLAIMED THEY HAD LOST THE
20. PLAINTIFF, CHRISTOPHER CARREA JR., FILE. THE DEFENDANTS,
21. CDC AND CDCD, HAD MADE A TEMPORARY FILE AND LOST
22. IT ALSO. THE FACT STILL REMAIN THAT THE DEFENDANTS,
23. CDC AND CDCD, KNEW THE PLAINTIFF, CHRISTOPHER
24. CARREA JR., WAS BEYOND HIS RELEASE DATE DUE TO THE
25. THE POSTED RELEASE DATE ON THE COMPUTER, BUT
26. REFUSED TO MAKE ANOTHER TEMPORARY FILE AND RELEASE
27. THE PLAINTIFF, CHRISTOPHER CARREA JR.. THE DEFENDANTS,
28. CDC AND CDCD, THROUGH ONE OF THEIR ASSOCIATE WARDENS,

PAGE TWENTY NINE

1  AFTER PUTTING IT OFF MONTHS AND MONTHS OF SUBJECTING
2  THE PLAINTIFF, CHRISTOPHER CARREA JR., TO UNMERITED
3  CRUEL AND UNUSUAL PUNISHMENT WITH DELIBRATE INDIFFRENCE
4  MADE ANOTHER FILE. THE DEFENDANTS, CDC AND CDCD, FINALLY
5  RELEASED THE PLAINTIFF, CHRISTOPHER CARREA JR., BUT
6  REFUSED TO GIVE THE PLAINTIFF, THE FULL AMOUNT OF HIS
7  GATE MONEY AND REFUSED TO RETURN THE HUNDRED
8  DOLLAR THEY STOLE FROM THE PLAINTIFF. THE DEFENDANT,
9  CDCD, OMMISSION OF ACTS AND CONCERNS ABOUT
10 CONSTITUTIONAL TORTS OF THE PLAINTIFF, CHRISTOPHER CARREA
11 JR., IS A RECKLESS DISREGARD OF THE DUTY OF CDCD., TO
12 UPHOLD THE LAW THROUGH CDCD, OFFICIAL CAPACITY, AND
13 CDCD REFUSED TO UPHOLD COMMON DECENCY, MORAL AND
14 HUMAN CONCERN FOR HUMANS IN CDCD, INDIVIDUAL CAPACITY,
15 IS WHAT CAUSED THE CONSTITUTIONAL TORTS TO THE
16 PLAINTIFF, CHRISTOPHER CARREA JR. THE CONSTITUTIONAL
17 TORTS THE DEFENDANTS, CDC AND CDCD, SUBJECTED
18 THE PLAINTIFF, CHRISTOPHER CARREA JR., TO, HAS NEVER
19 HAPPENED TO A WHITE MAN. THE DEFENDANTS, CDC AND CDCD,
20 NEEDS TO STUDY AND UNDERSTAND THE CAUSES AND NATURE OF
21 THINGS (METAPHSICS) THAT CAUSED THE CONSTITUTIONAL TORTS,
22 BY THE DEFENDANTS, CDC AND CDCD, BECAUSE THERE NEEDS TO BE
23 A SUDDEN AND DRASTIC CHANGE (METAMORPHOSIS) TO PREVENT
24 CONSTITUTIONAL TORTS. IF THE DEFENDANTS, CDC AND CDCD,
25 EVER STEP FORWARD AND STATE VERBALLY OR IN WRITING THAT
26 THERE ACTS WILL NOT BE ACCEPTED OF CONSTITUTIONAL TORTS
27 ON THERE WATCH, THESE TYPES OF ACTS WOULD NOT HAPPEN.
28 THE DEFENDANTS, CDC AND CDCD, FEEL COMFORTABLE COMMITTING

PAGE THIRTY

1. CONSTITUTIONAL TORTS. THEY HAVE A LONG HISTORY OF
2. COMMITTING CONSTITUTIONAL TORTS AGAINST THE PLAINTIFF,
3. CHRISTOPHER CARREA JR. THE DEFENDANTS, CDC AND CDCD,
4. HAS LOST THE FILE OF THE PLAINTIFF, CHRISTOPHER CARREA JR,
5. FIVE TIMES AND HAS NEVER RELEASED THE PLAINTIFF,
6. CHRISTOPHER CARREA JR., WITH THE RIGHT AMOUNT OF MONEY.
7. THE DEFENDANTS, CDC AND CDCD, SENT THE PLAINTIFF,
8. CHRISTOPHER CARREA JR., TO PRISION FOR 4 HOURS, IN WHAT
9. THEY STATE WAS AN "ERROR", THEN TWO MONTHS AFTER SENT
10. THE PLAINTIFF, CHRISTOPHER CARREA JR., TO THEM FOR TWENTY
11. FOUR HOURS, AND AGAIN STATED IT WAS AN "ERROR". THE
12. DEFENDANTS, CDC AND CDCD, CONTINUALLY DO WIERD AND BAZZAR
13. HORRIBLE THINGS TO THE PLAINTIFF, CHRISTOPHER CARREA JR.,
14. IN DELIBRATE INDIFFRENCE, SO UNUSUAL AND CRUEL, THEY HAVE
15. NEVER DONE TO NO ONE ELSE IN THE HISTORY OF CDC AND CDCD
16. AND CERTIANLY NEVER DONE IT TO A WHITE MAN.
17. THE DEFENDANTS, CDC AND CDCD, ACTS DESCRIBED
18. IN SECTION XXII - XXVI, IS NEGLIGENCE AND BREACH OF DUTY.
19. THERE WAS AN OBLIGATORY DUTY FOR SPECIFIC ACTION BY THE
20. DEFENDANTS, CDC AND CDCD, TO TAKE, TO PREVENT HARM
21. DANGER, ATTEMPT MURDER AND THE DISCRIMINATION OF THE
22. PLAINTIFF, CHRISTOPHER CARREA JR., PURSUANT TO 42 USCA 1981,
23. 42 USCA 1983, 42 USCA 1985, 42 USCA 1986, 5TH, 6TH AND
24. 14TH AMENDMENT OF THE UNITED STATES OF AMERICA CONSTITUTION,
25. NEGLIGENCE AND BREACH OF DUTY. THE VIOLATION OF
26. THESE STATUTE CONSTITUTE PRESUMPTIVE FAILURE TO EXERCISE
27. DUE CARE, NEGLIGENCE AND BREACH OF DUTY BY THE DEFENDANTS,
28. CDC AND CDCD. THIS IS ALSO A VIOLATION PURSUANT TO

PAGE THIRTY ONE

1. EVIDENCE CODE 669(4) OF THE STATE OF CALIFORNIA. THE
2. BLACKS LAW DICTIONARY DEFINES NEGLIGENCE AS FOLLOW:
3. THE FAILURE TO EXERCISE THE
4. STANDARD OF CARE THAT A
5. REASONABLY PRUDENT PERSON
6. WOULD HAVE EXERCISED IN A
7. SIMILIAR SITUATION
8. A PRUDENT PERSON IN A SIMILIAR SITUATION AS DEFENDANTS,
9. COC AND COCD, WOULD HAVE NOT COMMITED THE ACTS
10. DESCRIBED IN THIS ENTITLED-CASE SECTION XXII - XXVI.
11. THE BLACKS LAW DICTIONARY DEFINES BREACH OF DUTY AS FOLLOW:
12. THE VIOLATION OF A LEGAL OR
13. MORAL OBLIGATION; THE FAILURE
14. TO ACT AS THE LAW OBLIGATES
15. ONE TO ACT.
16. THE LAW OBLIGATED THE DEFENDANTS, COC AND COCD, BUT
17. THE DEFENDANTS, COC AND COCD, FELT NO MORAL OBLIGATION
18. TO NOT VIOLATE A SIGNED AGREEMENT WITH THE PLAINTIFF,
19. CHRISTOPHER CARREA JR., TO ONLY DO HALF OF SIX MONTHS,
20. AND THE DEFENDANTS, COC AND COCD, HAD A MORAL OBLIGATION
21. NOT TO VIOLATE 42 USCA 1981, 42 USCA 1983, 42 USCA 1985
22. 42 USCA 1986, THE 5TH, 6TH, 8TH AND 14TH AMENDMENT OF
23. THE UNITED STATES CONSTITUTION; BUT THE DEFENDANTS, COC
24. AND COCD CHOSE TO VIOLATE THESE STATUTE IN BREACH OF DUTY
25. AND NEGLIGENCE.
26. <u>XXVII</u>
27. THE DEFENDANTS, CALIFORNIA DEPARTMENT OF CORRECTION,
28. WARDEN POULOS, OF THE CALIFORNIA INSTITUTION FOR MEN,

PAGE THIRTY TWO

1. (HEREINAFTER KNOWN AS CDCWP) VIOLATED THE CIVIL RIGHTS
2. OF THE PLAINTIFF, CHRISTOPHER CARREA JR., WITH NEGLIGENCE
3. AND BREACH OF DUTY AS FOLLOW:
4.      THE PLAINTIFF, CHRISTOPHER CARREA JR., NOTIFIED
5. ALL THE STATE OF CALIFORNIA STATE SENATORS ABOUT THE
6. INCOMPETENCE OF THE DEFENDANT, CDCWP. THE PLAINTIFF,
7. CHRISTOPHER CARREA JR., ALSO NOTIFIED DEFENDANTS, CDC
8. AND CDCO OF THE FAILURE OF DEFENDANTS, CDCWP, ON THERE
9. WATCH AND ALLOWING THE APPEAL CORDINATOR MANY EXCUSES
10. OF NOT ANSWERING 602 BY INMATES AND THE DENIAL OF
11. MAIL TO INMATES BOTH PERSONAL AND LEGAL. THE DEFENDANT
12. CDCWP, UPON LEARNING THE PLAINTIFF, CHRISTOPHER CARREA
13. JR., WAS VIOLATED ON OR ABOUT APRIL 9, 2006 FOR A
14. SPEEDING TICKET. THE DEFENDANT, CDCWP, SUBMITTED
15. DOCUMENTS TO HAVE THE PLAINTIFF, CHRISTOPHER CARREA JR.,
16. BROUGHT TO CALIFORNIA INSTITUTE FOR MEN, CHINO,
17. CALIFORNIA, (C.I.M.) INSTEAD OF R.J. DONOVAN IN SAN
18. DIEGO, CALIFORNIA WHERE THE PLAINTIFF, CHRISTOPHER
19. CARREA JR., LIVE AND WHERE THE PLAINTIFF, CHRISTOPHER
20. CARREA JR., C FILE WAS. THE DEFENDANT, CDCWP, OUT
21. OF ANGER OF BEING REPORTED ON BY THE PLAINTIFF, REQUESTED
22. THE PLAINTIFF WITH DELIBRATE INDIFFRENCE OF THE
23. PLAINTIFF TO BE SENT TO C.I.M. THE MOST DANGEROUS
24. RECEPTION CENTER IN THE STATE OF CALIFORNIA FOR A
25. BLACK MAN. IT IS BELIEVED THAT C.I.M. IS THE MOST
26. DANGEROUS RECEPTION CENTER IN THE UNITED STATES FOR
27. A BLACK MAN. THE PLAINTIFF, CHRISTOPHER CARREA JR. WAS
28. SENT BY DEFENDANT, CDCWP, TO A PRISON OUTDATED AND

PAGE THIRTY THREE

1 CONDEMN, BUILT AND OPENED IN 1941, DESIGNED FOR 2,778
2 INMATES. THE DEFENDANT, CDCWP, DESPITE THESE FACTS,
3 SENT THE PLAINTIFF, CHRISTOPHER CARREA JR., AND 7,000
4 OTHER INMATES TO A PLACE DESIGNED FOR ONLY 2,778,
5 WHICH CAUSED CRUEL AND UNUSUAL PUNISHMENT OF THE
6 PLAINTIFF, CHRISTOPHER CARREA JR., IN VIOLATION OF THE
7 PLAINTIFF, CHRISTOPHER CARREA JR, CIVIL RIGHTS BY THE
8 DEFENDANT, CDCWP, IN HIS OFFICIAL CAPACITY. THE
9 DEFENDANT, CDCWP, IN HIS INDIVIDUAL CAPACITY, MORALLY
10 SHOULD NOT HAVE DONE IT OUT OF COMMON DECENCY. THE
11 PLAINTIFF, CHRISTOPHER CARREA JR., WAS PLACED WITH
12 DELIBRATE INDIFFRENCE IN A PRISION DORM, WITH A PRISION
13 ORGANIZATION THAT HAS DECLARED WAR ON BLACK MEN, THE
14 SOUTHERN MEXICAN AND THE WHITE SKIN HEADS. THE
15 PLAINTIFF, CHRISTOPHER CARREA JR., AND OTHER BLACK MEN
16 OF THE AVERAGE AGE OVER 45 WAS PLACED WITH MEXICAN
17 WHO AVERAGE AGE IN THEIR 20 AND WHO FAR OUT NUMBERED
18 THE OLDER BLACKS. THE DEFENDANT, CDCWP, PLACES
19 YOUNGER BLACKS IN SINGLE CELLS. THIS IS DONE TO
20 ENCOURAGE HISPANICS THAT HAVE DECLARED WAR ON BLACKS TO
21 TO ATTACK THE OLDER BLACKS KNOWING THEY CAN NOT LOSE
22 A FIGHT ON OLDER BLACK MEN. IF THE RATIO OF AGE WAS
23 BETTER IT WOULD DISCOURAGE THE MEXICAN MAFIA OF THE
24 SOUTH FROM ATTACKING BLACKS SO FREQUENTLY. THE
25 DEFENDANT, CDCWP, DELIBRATLY WITH DELIBRATE INDIFFRENCE
26 FOR THE PLAINTIFF, CHRISTOPHER CARREA JR, AND BLACKS
27 HAVE ADOPTED THE POLICY AND CUSTOM OF HAVING BLACKS
28 PLACED WHERE THEY ARE OUT NUMBER BY YOUNGER ENIMIES.

PAGE THIRTY FOUR

1  THIS POLICY AND CUSTOM HAS HAPPENED FOR THE LAST 20
2  YEARS OR MORE. THE DEFENDANT, CDCWP, HAS A DUTY TO
3  WATCH INMATES TWENTY FOUR HOURS A DAY AND IF HE DOES
4  NOT HAVE THE RESOURCES TO ACCOMPLISH THIS TASK, IT IS
5  HIS DUTY BOTH IN HIS OFFICIAL CAPACITY AND IN HIS INDIVIDUAL
6  CAPACITY TO REPORT IT TO THE DEFENDANTS, THE STATE OF
7  OF CALIFORNIA, CDC, CDCD AND THE GOVERNOR OF THE
8  STATE. THE FAILURE OF THE DEFENDANTS, CDCWP, TO
9  MONITOR INMATES IN HIS CARE TWENTY FOUR HOURS, THE
10 ADOPTED CUSTOM AND POLICY OF THE DEFENDANTS, CDCWP,
11 TO PLACE ABOUT 10 BLACKMEN OF THE AVERAGE AGE OF 45
12 WITH ABOUT 40-70 MEN OF ANOTHER RACE OF THE AVERAGE
13 AGE OF ABOUT 20 AND WITH DELIBERATE INDIFFERENCE OF THE
14 PLAINTIFF, CHRISTOPHER CARREA JR., CAUSED THE PLAINTIFF,
15 CHRISTOPHER CARREA JR., TO BE SUBJECTED TO CRUEL AND
16 UNUSUAL PUNISHMENT, IN VIOLATION OF THE 8TH
17 AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE
18 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, 42
19 USCA 1981, 42 USCA 1983, 42 USCA 1985, 42 USCA 1986
20 NEGLIGENCE AND BREACH OF DUTY.
21                              <u>XXVIII</u>
22
23        DURING THE MONTH OF MAY 2006 WITHIN A
24 40 DAY PERIOD THE DEFENDANT, CDCWP, ARRANGED FOR
25 THE PLAINTIFF, CHRISTOPHER CARREA JR., TO BE DETAINED
26 AT C.I.M. OF CHINO, CALIFORNIA RECEPTION CENTRAL
27 INSTEAD OF BEING MOVED TO C.I.M. MINIMUM 4 SHORT
28 CITY BLOCKS AWAY FROM C.I.M. CENTRAL RECEPTION.

                    PAGE THIRTY FIVE

1. THE DEFENDANT, CDCWP, MADE SURE THE PLAINTIFF, CHRISTOPHER
2. CARREA JR., ALTHOUGH ENDORSED NOT TO BE AT CHINO,
3. CENTRAL RECEPTION, STAYED AT C.I.M. CH AND CENTRAL
4. RECEPTION WHERE THE PLAINTIFF, CHRISTOPHER CARREA JR.,
5. WAS ATTACKED FOUR TIMES IN 4 SEPERATE DAYS WITHIN
6. A 10 DAY SPAN ALL ARANGED BY THE DEFENDANT, CDCWP,
7. IN FACT THE FOURTH TIME THE PLAINTIFF, CHRISTOPHER
8. CARREA WAS ATTACKED THE DEFENDANT, CDCWP, STOOD
9. IN THE HALLWAY OF CENTRAL RECIEVING AND WATCHED THE
10. PLAINTIFF, CHRISTOPHER CARREA JR., BE BEATEN, DUE TO
11. THE DELIBRATE INDIFFRENCE OF THE PLAINTIFF, CHRISTOPHER
12. CARREA BY THE DEFENDANT, CDCWP. THE PLAINTIFF,
13. CHRISTOPHER CARREA JR., WAS BEATEN SO SEVERELY HE
14. WENT UNCONSCIOUS, HIS TOOTH WAS KNOCKED OUT AND
15. STITCHES WAS REQUIRED. THE PLAINTIFF, CHRISTOPHER
16. CARREA JR., DUE TO THE DELIBRATE INDIFFRENCE OF
17. OF DEFENDANT, CDCWP, WAS NOT IMEDIATLY TAKEN TO
18. THE HOSPITAL. ONE OF THE SGT. WITH DELIBRATE
19. INDIFFRENCE RIGHT IN FRONT OF DEFENDANT, CDCWP,
20. STATED "NO ONE WAS GOING TO BE TAKEN TO
21. MEDICAL UNTIL THEY APOLOGISE TO HIM!" TO THE
22. DELIGHT OF DEFENDANT, CDCWP. THE PLAINTIFF,
23. CHRISTOPHER CARREA JR., WAS TOLD NO AMBULANCE WAS
24. AVAILABLE. THE PLAINTIFF, CHRISTOPHER CARREA JR.,
25. BLEED INTO UNCONSCIOUS STATE AND AGAIN HAD TO
26. WAIT FOR AN AMBULANCE TO BE TAKEN TO RIVERSIDE
27. HOSPITAL, BECAUSE THE INJURIES WERE SO SERIOUS.
28. THE DEFENDANT, CDCWP, ARANGES FOR BLACKS

PAGE THIRTY SIX

1. TO BE MURDERED OR WOUNDED. THE DEFENDANT, CDCWP,
2. ARANGED FOR THE PLAINTIFF, CHRISTOPHER CARREA JR., TO BE
3. MURDERED OR WOUNDED SERIOUSLY, BY PLACING THE
4. PLAINTIFF, CHRISTOPHER CARREA JR, AND OTHER BLACKS OF
5. THE AVERAGE AGE OF 45 OR OLDER TO BE WITH HISPANICS
6. OF THE AVERAGE AGE OF 20 OR OLDER, THAT HAVE DECLARED
7. WAR ON BLACKS AND THE OLDER BLACKS WERE OUT NUMBERED
8. GREATLY BY YOUNGER HISPANICS, BY ARANGMENT OF THE
9. DEFENDANT, CDCWP. THE DAY THE PLAINTIFF, CHRISTOPHER
10. CARREA JR. CAME BACK FROM THE HOSPITIAL, TO JUSTIFY THE
11. THE ATTEMPT MURDER OF THE PLAINTIFF, CHRISTOPHER CARREA JR.,
12. BY THE DEFENDANT, CDCWP, THE DEFENDANT, CDCWP, MADE SURE
13. THE PLAINTIFF, CHRISTOPHER CARREA JR., WAS CHARGED WITH
14. SOMETHING. THE PLAINTIFF, CHRISTOPHER CARREA JR.,
15. WAS CHARGED WITH AN ASSAULT THAT NEVER HAPPENED. THE
16. PLAINTIFF, CHRISTOPHER CARREA JR. WAS PLACED IN A HOLE,
17. WITHOUT HIS MEDICINE OR MEDICAL ATTENTION IN GREAT PAIN. THE
18. PLAINTIFF, CHRISTOPHER CARREA JR., WAS NOT WATCHED OR
19. MONTIERED AS ALWAYS. THE ONLY TIME THE DEFENDANTS, WATCHED
20. THE PLAINTIFF IS WHEN HE WAS BEING BEATEN. THE PLAINTIFF,
21. CHRISTOPHER CARREA JR., SLEPT ON THE FLOOR TWO NIGHTS
22. IN THE CARE OF THE DEFENDANT, CDCWP, DUE TO DEFENDANT,
23. CDCWP, DELIBRATE INDIFFRENCE. THE PLAINTIFF, CHRISTOPHER
24. CARREA JR. WAS CONVICTED OF BEING A PARTICIPANT OF A RIOT,
25. DESPITE THE FACT EVERY REVIEWING OFFICER, STATED THEY HAD "NO
26. EVIDENCE" THE PLAINTIFF, CHRISTOPHER CARREA JR. COMMITTED
27. ANY CRIME. THE ONLY EVIDENCE OVER TWENTY CORRECTIONAL OFFICER
28. SUBMITTED WAS THAT THE PLAINTIFF, CHRISTOPHER CARREA JR. IS A VICTIM.

PAGE THIRTY SEVEN

1 THE DEFENDANTS, CDC AND CDCD, HEARING
2 OFFICER STATED HE CONVICTED THE PLAINTIFF, CHRISTOPHER CARREA
3 JR., BECAUSE HE IS BLACK. THERE IS NO WHITE MAN THAT THE
4 DEFENDANTS HAVE CONVICTED; WAS BECAUSE THEY ARE WHITE.
5 THE DEFENDANT, CDCWP, FORCED THE PLAINTIFF, CHRISTOPHER CARREA
6 JR. TO STAY TWO MONTH BEYOND HIS RELEASE DATE, IN VIOLATION
7 OF THE SIGNED CONTRACT WITH THE PLAINTIFF, CHRISTOPHER
8 CARREA JR., AND DEFENDANTS TO DO HALF OF SIX MONTH.
9 DUE TO BREACH OF CONTRACT, BREACH OF DUTY AND THE
10 DELIBRATE INDIFFRENCE OF THE PLAINTIFF, CHRISTOPHER CARREA
11 JR. AND CIVIL RIGHTS. THE DEFENDANTS, HAVE DONE THIS
12 SO LONG TO THE PLAINTIFF, CHRISTOPHER CARREA JR.,
13 THAT IT CAN BE SAID TO BE THE ADOPTED CUSTOM AND
14 POLICY OF THE DEFENDANTS. THE DEFENDANTS, HAVE ADOPTED
15 THE CUSTOM AND POLICY TO PUNISH THE PLAINTIFF, CHRISTOPHER
16 CARREA JR. PRIOR TO FINAL DISPOSITION OF HEARING, IN
17 VIOLATION OF THE 5TH, 6TH, 8TH, 14TH AMENDMENT OF THE
18 UNITED STATATES CONSTITUTION AND 42 USCA 1983, BREACH
19 OF DUTY AND NEGLIGENCE.
20 <u>XXIX</u>
21 THE DEFENDANT, CDCWP, VIOLATION OF ACTS
22 DESCRIBED IN SECTION XXVII—XXIX, ARE BREACH OF DUTY AND
23 NEGLIGENCE. THERE WAS AN OBLIGATORY DUTY FOR SPECIFIC
24 ACTION BY THE DEFENDANT, CDCWP, TO TAKE, TO PREVENT
25 HARM, DANGER AND ATTEMPT MURDER AND DISCRIMINATION
26 OF THE PLAINTIFF, CHRISTOPHER CARREA JR., PURSUANT TO 42
27 USCA 1981, 42 USCA 1983, 42 USCA 1985, 42 USCA 1986,
28 5TH, 6TH, 8TH, 14TH AMENDMENT OF THE UNITED STATES

PAGE THIRTY EIGHT

1. OF AMERICA CONSTITUTION, NEGLIGENCE AND BREACH OF DUTY.
2. THE VIOLATION OF THESE STATUTE CONSTITUTE PRESUMPTIVE FAILURE
3. TO EXERCISE, DUE CARE IS NEGLIGENCE AND BREACH OF DUTY BY THE
4. DEFENDANT, CDCWP. THIS IS ALSO A VIOLATION PURSUANT TO
5. EVIDENCE CODE 669(4) OF THE STATE OF CALIFORNIA. THE BLACKS
6. LAW DICTIONARY DEFINES NEGLIGENCE AS FOLLOW:
7. THE FAILURE TO EXERCISE THE
8. STANDARD OF CARE THAT A
9. REASONABLY PRUDENT PERSON
10. WOULD HAVE EXERCISED IN A
11. SIMILIAR SITUATION.
12. A PRUDENT PERSON IN A SIMILIAR SITUATION AS THE DEFENDANT,
13. CDCWP, WOULD HAVE NOT COMMITTED THE ACTS DESCRIBED IN
14. THIS ENTITLED - CASE, SECTION XXVII - XXIX. THE BLACKS LAW
15. DICTIONARY DEFINES BREACH OF DUTY AS FOLLOW:
16. THE VIOLATION OF A LEGAL
17. OR MORAL OBLIGATION, THE
18. FAILURE TO ACT AS THE LAW
19. OBLIGATES ONE TO ACT
20. THE LAW OBLIGATED THE DEFENDANT, CDCWP, BUT THE DEFENDANT,
21. CDCWP, FELT, NO MORAL OBLIGATION NOT TO VIOLATE A SIGNED
22. AGREEMENT WITH THE PLAINTIFF, CHRISTOPHER LARREA JR. TO
23. ONLY DO HALF OF SIX MONTH AND BE RELEASED. THE DEFENDANT,
24. CDCWP, FELT NO MORAL OBLIGATION NOT TO VIOLATE, 42 USCA 1981,
25. 42 USCA 1983, 42 USCA 1985, 42 USCA 1986, THE 5TH, 6TH, 8TH
26. 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION, BUT
27. CHOSE TO VIOLATE THESE PROTECTED STATUTE IN BREACH OF DUTY
28. AND NEGLIGENCE.

PAGE THIRTY NINE

<u>XXX</u>

ALL THE DEFENDANTS, OF THIS ENTITLED-CASE CONSPIRED TOGETHER IN THEIR CONSPIRACY AND NEGLECT TO PREVENT THE CIVIL RIGHTS OF THE PLAINTIFF, CHRISTOPHER CARREA JR., PURSUANT TO 42 USCA 1985 AND 42 USCA 1986. ALL DEFENDANTS OF THIS CASE WAS FULLY AWARE OF ALL THE ACTS OF THIS CASE IN SECTION I - <u>XXX</u> OF THIS COMPLAINT AND ALL ASSISTED IN THE COMMISSION OF THESE ACTS, WAS A PART OF ALL ACTS AND NEGLECTED TO PREVENT ALL ACTS TO TODAYS DATE. ALL DEFENDANTS WERE FULL PARTICIPANTS OF ALL ACTS WITH ALL THE DEFENDANTS OF THIS COMPLAINT.

WHEREFORE THE PLAINTIFF, CHRISTOPHER CARREA JR., PRAYS FOR THE FOLLOWING:

1. FOR GENERAL DAMAGES IN THE SUM OF $20,000,000.00
2. FOR SPECIFIC DAMAGES IN THE SUM OF $20,000,000.00
3. FOR PUNATIVE DAMAGES IN THE SUM OF $50,000,000.00

DATED: FEBUARY 27, 2007

RESPECTFULLY SUBMITED,

BY: _____
CHRISTOPHER CARREA JR.

THE PLAINTIFF, CHRISTOPHER CARREA JR., DEMANDS A JURY TRIAL.

DATED: FEBUARY 27, 2007

RESPECTFULLY SUBMITED,

BY: _____
CHRISTOPHER CARREA JR.

PAGE FORTY